UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

EVERETT GORBETT, II,                )
                                    )
            Petitioner,             )
v.                                  )   No. 2:05-195-RLY-WGH
                                    )
CRAIG HANKS,                        )
                                    )
            Respondent.             )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Everett Gorbett, II ("Gorbett") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1.  Gorbett is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVE 05-01-0046, wherein he was found guilty of having violated prison rules of conduct through his unauthorized possession of certain property.

2.  A conduct report was issued on January 6, 2005, reciting that during a search of the cell to which Gorbett was assigned officers found (1) one container of brown sugar and (1) one container of raisins.

3.  After being supplied with a copy of the written charge and notified of his procedural rights on January 7, 2005, Gorbett was found guilty at a hearing conducted on January 11, 2005, and was sanctioned. His administrative appeal was rejected, and this action followed.

4.  In Gorbett's petition, he alleges that his rights were violated because: 1) he was not permitted to call his witness and his witness' statement was not provided; and 2) the conduct board failed to consider his entire statement at the hearing.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Jordan was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Also, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. Gorbett could overcome this procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under *Wolff* and *Hill,* Gorbett received all the process to which he was entitled.

- The record shows that the charge was clear, that Gorbett received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

- The evidence was constitutionally sufficient, consisting of the conduct report which recited that a search of Gorbett's cell at the Wabash Valley Correctional Facility on January 6, 2005, revealed the presence of unauthorized property. This satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will

overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, the conduct report fulfills the "some evidence" requirement of *Hill.* It does so by reciting the circumstances under which unauthorized property was found by prison staff in the cell assigned to Gorbett. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); see also *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Gorbett's claims otherwise are unavailing here. He first claims that he was deprived of the opportunity to present evidence by being denied a witness at the hearing. The expanded record, however, shows that Gorbett failed to raise this issue in his administrative appeal to the Facility Head. This failure constitutes a procedural default, and Gorbett has not attempted to show cause for and prejudice from it. Aside from this unexplained and unexcused procedural default, moreover, Gorbett has not identified the absent witness, has not described what information that person could have contributed, and has not explained how the absence of information which that person could have provided resulted in any prejudice to Gorbett. Thus, there was no error in proceeding without a witness who Gorbett does not appear even to have requested. Gorbett next argues that the conduct board failed to consider his full statement. This contention of error is apparently based on the view that the conduct board would have credited Gorbett's exculpatory statement if they had fully considered it, but that is not the case, and the conduct board was under no obligation to side with Gorbett in weighing the evidence. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The weighing of conflicting evidence is a task of the factfinder, not a federal court exercising habeas corpus jurisdiction. See *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989))

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this

action, and there was no constitutional infirmity in the proceeding which entitles Gorbett to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  02/22/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana